

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

November 26, 1963

Honorable W. W. Heath
Chairman, Board of Regents
The University of Texas
Perry-Brooks Building
Austin, Texas

Dear Mr. Heath:

Opinion No. C-183

Re: Tuition fees to be collected
by the University of Texas
under Section 1(h) of Article
265$+$c of Vernon's Civil Stat-
utes under the facts stated.

Your request for opinion on the above subject matter
indicates that numerous nonresident military personnel stationed
in Texas are desirous of obtaining the resident status for tui-
tion fees pursuant to Section 1(h) of Article 265$+$c of Vernon's
Civil Statutes. Subsection (h) states as follows:

"Officers, enlisted men and women, selectees
or draftees of the Army, Army Reserve, National
Guard, Air Force, Air Force Reserve, Navy, Navy
Reserve, or Marine Corps of the United States, who
are stationed in Texas by assignment to duty within
the borders of this state, shall be permitted to
register themselves, their husband or wife as the
case may be, and their children, in state institu-
tions of higher learning by paying the regular tui-
tion fees and other fees or charges provided for
regular residents of the State of Texas, without
regard to the length of time such officers, enlisted
men or women, selectees or draftees have been sta-
tioned on active duty within the state." (Emphasis
added).

The departmental construction applied by The University
to recurring fact situations is outlined in your letter as fol-
lows:

"In construing the phrase 'by assignment to
duty within the borders of this state,' it has been
the administrative interpretation of long standing
at The University of Texas that nonresident military
personnel in order to qualify for the resident tui-
tion rate must be assigned to a duty station within
the borders of this state, actively engaged in mili-
tary duties as contrasted to student assignment and

attending school during their off-duty hours or during their normal annual accrued leave, rather than in an 'excess leave' status. Such administrative interpretation has been applied according to the following three factual situations:

"1. Nonresident students whose permanent military assignment is to a Student Detachment at Fort Sam Houston, Texas, and whose duty station is at The University of Texas in Austin. These students are attending school full time with same being charged to future leave (in effect in an 'excess leave' category). Such students receive no pay or allowances and pay their own fees, etc. They are required, however, to report to Fort Sam Houston during any period in excess of three days when the University is not in session and receive pay for military duties performed during such period. These students are classified as nonresidents for tuition purposes, for the reason that they are not considered to be assigned to military duty while attending the University full time.

"2. Military personnel who are assigned temporarily to a duty station in Texas for the purpose of playing in a sporting event or participating in some other special service of short duration and who enroll their dependents in the University and pay full tuition fees without government assistance are classified as nonresidents for tuition purposes, for the reason of the transient nature of their assignment in Texas. On the other hand, personnel who are assigned to an Officers Candidate School for period of seventeen weeks' duration, even though on TDY orders, have been classified as residents for tuition purposes. The length of time and purpose of their duty is considered in making such a determination.

"3. Non resident students attending The University of Texas during their normal annual leave and paying all fees are permitted to pay the resident fee if they are on a continuing assignment to a Texas base or installation .

"In construing the phrase 'shall be permitted to register themselves . . . in state institutions of higher learning by paying the regular tuition fees . . .' it has also been the long-standing administrative interpretation that nonresident military personnel in order to qualify for the resident tuition rate must have no part of the tuition and fees paid directly to the University by the federal government under any of the various educational programs. Such administrative interpretation has been applied accordingly to the following three factual situations:

"4. Students whose active military assignment is in Texas and who attend classes or participate in University sponsored extension programs during their off-duty hours and for whom the federal government pays to the University a specified portion of the tuition and fees under what is commonly known as the 'Midnight Oil' (Air Force) program. These students are classified as nonresidents for tuition purposes since the federal government is paying part of the tuition directly to the University.

"5. Students whose active military assignment is in Texas but who utilize annual accrued leave in order to attend classes full time and during which time they perform no military duties. They receive full pay and allowances, and the federal government pays a specified part of the tuition and fees. Such students are classified as nonresidents for tuition purposes since the federal government is paying a part of the tuition directly to the University.

"6. Students assigned by the military to permanent duty station at the University for the purpose of full-time study and who receive full pay and allowances during such period as a student. The federal government pays all tuition, fees and book costs. As to Air Force officers attending school under the 'USAFIT' program, they are also attached to Bergstrom Air Force Base for flying purposes in order to maintain their flying proficiency. These students are classified as nonresidents for tuition purposes since the federal government is paying all the fees, etc., to the University under a contract. Further, such students are on student assignment and perform no military duties."

Section 1(h) of Article 2654c permits the enumerated military personnel and their families to register in the state institutions of higher learning by paying the resident tuition fee only if they are assigned to duty within the borders of Texas. The length of service is not controling, but the personnel must "have been stationed on active duty within the state," prior to the date of admission. The material accompanying your request brings to our attention one situation wherein an officer is transferred from Germany to Fort Sam Houston so that he may attend the University. The officer is considered by the military to be "on active duty," however he is authorized a "three and one-half years excess leave without pay and allowance."

The statute in question makes no distinction between active duty with pay or active duty on excess leave without pay. We cannot distinguish the various terms of active duty assignment which the Legislature itself failed to distinguish. If the Department of Defense through the appropriate military division stations a person on active duty in Texas, The University of Texas can charge only the resident tuition fee for the person, his or her spouse and their children without regard to the length of duty or purpose of duty within Texas. Even though the service person is assigned to a duty station at an institution of higher learning in Texas, or if he is on an excess leave status to attend school, the active duty status is the determining factor, be it permanent or temporary.

Although the University's policy over a long period of time has been to the effect that nonresident military personnel must not have any portion of their tuition and fees paid directly or indirectly by the federal government in order to qualify for the resident status, we find no authcrity in Article 2654c to justify such an interpretation. The statute itself grants resident privileges to those service people and their families assigned to active duty in Texas without regard to who actually pays the fees, or from what source they are obtained.

## SUMMARY

Those military personnel enumerated in Section 1(h) of Article 2654c of Vernon's Civil Statutes and their families are entitled to attend The University of Texas by paying the resident tuition and fees if they are assigned to active duty within Texas without

regard to the length and nature of such assignment or from what source their fees and tuition are actually paid.

Yours very truly,

WAGGONER CARR
Attorney General

By Fred D. Ward
Fred D. Ward
Assistant

FDW:wb

APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman
Scott Garrison
W. O. Shultz

APPROVED FOR THE ATTORNEY GENERAL

BY:  Stanton Stone